UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRACIE M. HUNTER,**

    **Plaintiff,**

v.

**RICHARD DOVE,** *et al.***,**

    **Defendants.**

:

:

Case No. 2:23-cv-01025
Judge Sarah D. Morrison
Magistrate Judge Elizabeth A.
Preston Deavers

## OPINION AND ORDER

Tracie Hunter, a former Hamilton County Juvenile Court judge, brings this action against Richard Dove (Director of the Ohio Board of Professional Conduct of the Supreme Court of Ohio) and Joseph Caligiuri (Disciplinary Counsel for the Supreme Court of Ohio) in their official and individual capacities. (*See* Compl., ECF No. 1, ¶¶ 4–6.) Hunter asserts ten causes of action stemming from her belief that Defendants engaged in discriminatory and retaliatory conduct by selectively prosecuting her, an African American woman. The Complaint sets forth equal protection and due process violation claims based on the First and Fourteenth Amendments brought pursuant to 42 U.S.C. § 1983; a claim under Title VII of the Civil Rights Act of 1964; a malicious prosecution claim brought under 42 U.S.C. § 1983; a claim for violation of the Sixth Amendment; a retaliation claim under Ohio Rev. Code § 4113.52 (Ohio's whistleblower statute); and common law claims for

defamation, negligent infliction of emotional distress, intentional infliction of emotional distress, and abuse of process. (*See* Compl., *generally*.)

This matter is before the Court on Defendants' Motion to Dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. to Dismiss, ECF No. 14.) Hunter filed a combined response to the motion to dismiss and motion to stay the case (Mot. for Stay, ECF No. 26), and Defendants filed their reply (Reply, ECF No. 27). For the reasons set forth below, the Motion for Stay is **DENIED**, and the Motion to Dismiss is **GRANTED**.

I. BACKGROUND

The following summary draws from the allegations in the Complaint (ECF No. 1), as well as any documents integral to and incorporated therein.

Tracie Hunter was elected as judge to the Hamilton County Juvenile Court in 2010. (Compl. ¶ 4.) Due to a dispute regarding provisional ballots, she did not take office until May 2012. (*Id.* ¶¶ 4, 24.) She was the first African American and first Democratic judge in the history of Hamilton County Juvenile Court. (*Id.* ¶ 25.)

While Hunter was on the bench, she filed ethics complaints against then-Hamilton County Prosecutor Joseph Deters (now an Ohio Supreme Court Justice) and at least four other attorneys, alleging professional conduct violations relating to their misconduct on juvenile cases before her and their mishandling of lawsuits filed against her. (Compl. ¶¶ 14, 25, 45, 52; *id.*, Ex. M, PAGEID # 211.) Hunter also filed an ethics complaint against a special prosecutor retained by Deters, asserting that he falsely charged her with felony theft-related crimes. (*Id.* ¶ 52.) All of Hunter's complaints were dismissed. (*Id.* ¶¶ 25, 52; *id.*, Ex. M, PAGEID # 211.)

2

In 2014, a Hamilton County, Ohio grand jury indicted Hunter for allegedly backdating judicial entries to prevent prosecutors from appealing her decisions against them and improperly using her position as judge to give confidential documents to her brother. (Compl. ¶¶ 16, 17, 33, 57; *id.*, Ex. S, PAGEID # 272.) When the indictment was issued, the Ohio Supreme Court disqualified Hunter from acting as a judge. (*Id.* ¶ 28); *see also In re Hunter*, 1 N.E.3d 42 (Ohio 2014).

Deters initiated Hunter's prosecution but requested that the Hamilton County Common Pleas Court appoint two special prosecutors to investigate and pursue the case. (Compl. ¶¶ 13, 27.) Hunter maintains that Deters, who is white, initiated the criminal case in retaliation for the ethics complaints she filed against him. (*Id.* ¶¶ 26, 45.)

After a jury convicted Hunter of one felony count of having an unlawful interest in a public contract in violation of Ohio Rev. Code. § 2921.42, Hunter appealed. (Compl. ¶ 30; *id.*, Ex. S, PAGEID # 272.) A three-judge panel of the First District Court of Appeals of Ohio affirmed her conviction; then-Judge Patrick DeWine, who is now an Ohio Supreme Court Justice and is white, was one of the panelists. (*Id.* ¶ 13); *see also State v. Hunter*, 2016-Ohio-123 (Ct. App.). Upon her conviction, Hunter was suspended from the practice of law, and that suspension remains in effect. (*Id.* ¶¶ 30, 76.)

In July 2019, Hunter moved for leave to file a delayed post-conviction petition in the trial court seeking dismissal of her indictment or relief from judgment. (Compl., Ex. S, *generally*.) Hunter's motion presents similar allegations as those in

3

the instant Complaint. (*Id.*) When the trial court had not ruled on the motion after four years, Hunter filed a Petition for Writ of Mandamus against the trial court in the First District appellate court. (Mot. for Stay, Ex. A, PAGEID # 605.)

Unrelated to Hunter or her prosecution, special disciplinary counsel filed a four-count complaint against DeWine in 2018 for alleged violations of the Ohio Code of Judicial Conduct and Ohio law relating, in part, to DeWine's request that Deters hire DeWine's son in the Hamilton County Prosecutor's Office. (Compl. ¶¶ 11, 32; *id.*, Ex. P, *generally*.) The disciplinary panel dismissed the count regarding Deters' hiring of DeWine's son without prejudice, and a complaint on that issue was never refiled. (*Id.*)

In August 2022, disciplinary counsel filed a complaint before the Board of Professional Conduct against Hunter, alleging that the conduct underlying Hunter's criminal conviction violated the Code of Judicial Conduct. (Compl. ¶ 69); *see also Disciplinary Counsel v. Tracie M. Hunter*, Case No. 2023-0472 (Supreme Court of Ohio). This disciplinary proceeding was resolved by the Ohio Supreme Court's decision against Hunter on November 21, 2023, affirming the Board of Professional Conduct's recommendation that she be indefinitely suspended from the practice of law with credit for time served under her interim suspension. (Notice of Decision, ECF No. 28); *see also Disciplinary Counsel v. Hunter*, Slip Op. No. 2023-Ohio-4168.

## II.  MOTION FOR STAY

In response to Defendants' motion to dismiss, Hunter requests a stay of this case, pursuant to either the abstention doctrine delineated in *Younger v. Harris*, 401 U.S. 37 (1971), or the Court's discretion to control its docket, pending the

outcome of the disciplinary case and the determination of her mandamus petition. (*See* Mot. for Stay, PAGEID # 601.) When faced with a threshold question of whether to apply *Younger* abstention, a court must first address the *Younger* issue before engaging in any analysis of the merits. *See Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005).

The Court declines to stay the instant proceedings. The disciplinary case against Hunter concluded in November 2023—as such, Hunter's request for a stay based on the pendency of that matter is moot. (Notice of Decision, ECF No. 28); *see also Disciplinary Counsel v. Hunter*, Slip Op. No. 2023-Ohio-4168.

Moreover, the Court is not persuaded by Hunter's arguments on her request for a stay due to the pending mandamus petition. On this point, Hunter primarily contends that the *Younger* abstention applies. (Mot. for Stay, *generally*.) Under that doctrine, federal court abstention "is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (citing *Younger*, 401 U.S. at 53–54). The Sixth Circuit has also applied the *Younger* abstention to a federal action seeking only monetary damages. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998). *Younger* abstention in favor of a state proceeding is appropriate if three criteria are met: (1) the parallel state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal

5

constitutional claim. *Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

The *Younger* abstention does not apply here. "[W]here federal proceedings parallel but do not interfere with the state proceedings, the principles of comity underlying *Younger* abstention are not implicated." *Carroll*, 139 F.3d at 1077–78 (Moore, J., concurring in part and dissenting in part) (citation omitted). It is true that there is some overlap between this action and the mandamus petition in state court—both relate to Hunter's conviction and set forth the same allegations concerning DeWine and Deters. However, the claims raised in this case are different than the charges in the mandamus petition. In the former, Hunter takes issue with the actions of the Board of Professional Conduct and Disciplinary Counsel and their alleged role in the proceedings leading to her conviction, while in the latter, she challenges the conviction itself. Resolution of Hunter's federal claims therefore will not implicate issues raised in her mandamus action.

For the same reason, the Court declines to stay the case incident to its power to control its docket.

### III.  MOTION TO DISMISS

#### A.  Standard of Review

Before a court may determine whether a plaintiff has failed to state a claim upon which relief may be granted, it must first find that it has subject matter jurisdiction. *Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 666–67 (S.D. Ohio 2019) (Marbley, J.) (citation omitted). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the

6

subject matter." Fed. R. Civ. P. 12(b)(1). The standard of review of a motion to dismiss for lack of subject matter jurisdiction depends on whether the defendant makes a facial or factual challenge. *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Only a facial attack, which "questions merely the sufficiency of the pleading," is present here. *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A facial attack requires the district court to "take[ ] the allegations in the complaint as true." *Id*. The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks

7

> for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

These standards apply equally when the plaintiff is pro se. Although a pro se litigant is entitled to a liberal construction of her pleadings and filings, she still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

B. Analysis

Hunter's claims against Defendants in both their official and individual capacities stem from their decision to bring a disciplinary action against her instead of disciplining white judges and lawyers for violations of Ohio law and the Judicial Code of Conduct. (Compl., ¶¶ 76–84.) Among other things, she accuses Defendants of failing to bring disciplinary charges against Deters and DeWine for violating the

8

same statute regarding public contracts under which she was convicted. (*Id.* ¶¶ 19–20, 77.) Hunter also alleges that Defendants "strategically dismissed" disciplinary complaints against DeWine and Deters to cover up their legal and ethical violations while selectively and falsely disciplining Hunter. (*Id.* ¶¶ 7, 11–12, 53.) Defendants move to dismiss on multiple grounds.

### 1. The Eleventh Amendment bars Hunter's claims against Defendants in their official capacities brought under § 1983 and the Sixth Amendment.

Defendants argue that they are immune from Hunter's official-capacity federal claims by virtue of the Eleventh Amendment. (Mot. to Dismiss, PAGEID # 551.) The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Eleventh Amendment applies not only to suits brought against a state by a citizen of "another State" but also to suits brought by citizens against the state in which they reside. *See Kalyango v. Ohio Univ.*, No. 2:22-CV-2028, 2023 WL 2499867, at *14 (S.D. Ohio Mar. 14, 2023) (Marbley, J.) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The same immunity applies to an instrumentality of the state, such as a state official sued in his or her official capacity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity … is no different from a suit against the State itself.") (citations omitted); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). The Eleventh Amendment bars an action against a state in federal court unless

9

Congress has abrogated its sovereign immunity or the state has expressly waived the immunity. *Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011).[1]

The Ohio Office of Disciplinary Counsel and Ohio Board of Professional Conduct are arms of the state. *See, e.g.*, *Novel v. Zapor*, No. 2:14-CV-264, 2015 WL 12734021, at *6 (S.D. Ohio Mar. 11, 2015) (Watson, J.) (citing cases finding sovereign immunity barred claims against Disciplinary Counsel). Accordingly, Defendants are entitled to immunity from Hunter's official-capacity claims brought under § 1983 and the Sixth Amendment.[2]

However, the Eleventh Amendment does not preclude a federal court action against a state under Title VII. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 455–56 (1976). The Eleventh Amendment therefore does not bar Hunter's Title VII claim. *See, e.g.*, *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) ("The § 1981 claims [ ] are barred by the Eleventh Amendment of the United States Constitution . . .. The Title VII claims are not.").

---

[1] The Eleventh Amendment does not bar official-capacity actions for prospective injunctive relief. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908); *Doe v. Cummins*, 662 Fed. App'x. 437, 444 (6th Cir. 2016). But this exception to Eleventh Amendment immunity does not apply here—the only injunctive relief Hunter seeks is the enjoinment of prosecution of the disciplinary proceeding against her, which has since been concluded. (Compl., Prayer for Relief.)

[2] Hunter alleges that her Sixth Amendment rights have been violated. (Compl., ¶¶ 117–121.) The Court presumes that she asserts this claim under § 1983.

10

### 2. Defendants are immune from Hunter's federal claims against them in their individual capacities.

Turning to Hunter's individual-capacity federal claims, the Court finds that Defendants are entitled to judicial immunity. "Traditionally, judges have enjoyed broad immunity from suit for judicial acts." *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988)). Judicial immunity covers non-judicial officers who perform "quasi-judicial" duties. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994) ("[A]bsolute judicial immunity has been extended to non-judicial officers who perform … tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune."). Courts in this circuit have consistently found that members of professional licensing or disciplinary boards and disciplinary counsel are entitled to quasi-judicial immunity. *See, e.g.*, *McQueen v. Brown*, No. 2:11-cv-82, 2011 WL 855128, at *1 (S.D. Ohio Mar. 9, 2011) (Graham, J.) ("Quasi-judicial duties are those of persons performing tasks at the request of a judge in order to permit the court to exercise its official duties …. An assistant disciplinary counsel, who is charged by the Ohio Supreme Court with assisting in the regulation of attorneys, is such a person."); *see also Zapor*, 2015 WL 12734021, at *6 (listing cases).

Hunter makes much in her Complaint about Defendants' alleged failure to prosecute or discipline certain other state judges and attorneys. (*See, e.g.*, Compl., ¶¶ 29, 31.) Indeed, a substantial portion of her Complaint consists of her allegations of illegal or unethical conduct committed by others not party to this case. However,

11

the Sixth Circuit has held that the Ohio Disciplinary Counsel's failure to discipline third parties does not violate the federal rights of a complainant. *Saier v. State Bar of Mich.*, 293 F.2d 756, 761 (6th Cir. 1961). In other words, a plaintiff has "no constitutional right to have another person prosecuted for an offense." *Christensen v. Wiseman*, No. 1:11CV1837, 2011 WL 4376099, at *8 (N.D. Ohio Sept. 20, 2011).

### 3. Hunter's Title VII claim must be dismissed.

That the Eleventh Amendment does not bar Hunter's Title VII claim does not save it from dismissal, as the claim is deficient in several other respects.

Initially, before filing suit in federal court, Title VII plaintiffs must first exhaust their administrative remedies by filing a charge with the EEOC and receiving a right-to-sue letter. *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018) (citation omitted). While "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), "exhaustion of administrative remedies is a condition precedent to a Title VII action," *Samuels v. Corr. Med. Serv., Inc.*, 591 Fed. App'x 475, 486 (6th Cir. 2006) (citation omitted). In this case, there are no allegations that Hunter has exhausted her administrative remedies by filing a complaint with the EEOC. However, because Defendants did not raise this defense in their motion, the Court will not dismiss the claim for failure to exhaust administrative remedies. *See George v. Youngstown State Univ.*, 966 F.3d 446, 469 (6th Cir. 2020).

Notwithstanding the above, Hunter has failed to state a claim under Title VII. "[T]he purpose of Title VII is to protect employees from their employers'

12

unlawful actions." *Thompson v. North American Stainless, LP*, 562 U.S. 170, 178 (2011). While several courts have held that Title VII does not require a formal employment relationship between the parties, *see Smiley v. Ohio*, No. 1:10-CV-390, 2011 WL 4481350, at *3 (S.D. Ohio Sept. 27, 2011) (Dlott, J.) (discussion), the "defendant must look *something* like the plaintiff's employer to face potential Title VII liability," *Jones v. Ohio Dep't of Pub. Safety*, No. 2:22-CV-3692, 2023 WL 3624787, at *4 (S.D. Ohio May 24, 2023) (Cole, J.) (citing *Post v. Trinity Health-Michigan*, 44 F.4th 572, 579 (6th Cir. 2022)) (emphasis in original). Hunter does not alleged that she was employed by the Disciplinary Counsel or the Ohio Board of Professional Conduct, nor does she allege any basis by which Defendants could be treated as her employer. Her Title VII claim must be dismissed. *See, e.g.*, *Kogan v. Tennessee Bd. of Dentistry*, No. 3:06-00789, 2008 WL 4158937, at *3 (M.D. Tenn. Sept. 8, 2008) (dismissing Title VII claims brought by plaintiff whose dentistry license was suspended against dentistry board in part because dentistry board was not employer).

Accordingly, Plaintiff's federal claims are **DISMISSED.**

### 4. State Claims Against Defendants

Having resolved Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over her remaining state law claims. (Compl., ¶¶ 94–108, 112–116, 122–123.) The United States district courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Once a court has original jurisdiction over some claims in the action, it can exercise supplemental

13

jurisdiction over additional claims that are part of the same case or controversy. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (holding that claims are part of the same case or controversy if they derive from a "common nucleus of operative facts"). But supplemental jurisdiction is a matter of judicial discretion and "need not be exercised in every case in which it is found to exist." *United Mine Workers of Am.*, 383 U.S. at 726. The Court finds that exercising supplemental jurisdiction over Hunter's state claims after dismissing her federal claims would not serve judicial economy, convenience, or comity, and therefore declines to do so. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

Plaintiff's state law claims are **DISMISSED** without prejudice to refiling in state court.

## IV. CONCLUSION

For the reasons stated herein, Hunter's Motion for Stay is **DENIED**. Defendants' Motion to Dismiss is **GRANTED**. The first, second, sixth, eighth, and tenth causes of action are **DISMISSED** with prejudice. The third, fourth, fifth, seventh, and ninth causes of action are **DISMISSED** without prejudice to refiling in state court.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

14